# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>RAYMOND A. SANDMAN and KAREN D. CHRISTIAN,<br>                Debtors. | Chapter 13<br>No. 2:11-bk-12594-JMM<br>Adversary No. 2:11-ap-01080-JMM |
| RANDY JONES and JENNIFER JONES,<br>                Plaintiffs,<br>vs.<br>RAYMOND A. SANDMAN and KAREN D. CHRISTIAN,<br>                Defendants. | **MEMORANDUM DECISION** |

Before the court is a motion for summary judgment filed by the Plaintiffs against the Debtors / Defendants (ECF No. 11). The sole issue before the court is whether a stipulated judgment in the Arizona Superior Court is entitled to collateral estoppel effect.

In the Superior Court, the Defendants were sued on alternative theories in eight counts. They were:

| | |
|---|---|
| Count One: | Fraud |
| Count Two: | Fraud and Rescission (Remedy) |
| Count Three: | Negligent Misrepresentation |
| Count Four: | Securities Fraud |
| Count Five: | Breach of Contract |
| Count Six: | Breach of Contract |

| | |
|---|---|
| Count Seven: | Breach of Fiduciary Duty |
| County Eight: | Unjust Enrichment |

All counts sought damages. (Ex. 1 to Defendants' Response.)

On the day prior to a jury trial, the parties appeared before the court and announced a settlement. (Ex. 6 to Defendants' Response.) The settlement did not contain any limitations on which counts were settled. The substantive conversation between the court and counsel had to do with what parties were affected, and the mechanics of payment. (Ex. 6 to Defendants' Response.) That court appearance was on October 5, 2009.

Thereafter, on November 3, 2009, the parties, through counsel, stipulated to the entry of judgment "with respect to all claims." (Ex. 4 to Defendants' Response.) On November 9, 2009, the Honorable Douglas L. Rayes entered judgment in favor of the Plaintiffs, and against Debtors / Defendants and others, "jointly and severally, in the amount of $85,000 for _all_ causes of action asserted in Plaintiffs' First Amended Complaint." (Ex. 5 to Defendants' Response. Emphasis added.)

At oral argument before the Bankruptcy Court, with regard to this summary judgment motion, Defendants' counsel argued that the statements made to the court on October 5, 2009, created an ambiguity about their intentions, and about which counts of the Complaint were to be the subjects of the stipulation to judgment. In reviewing the transcript of the October 5, 2009, hearing, however, this court could find no language or comments which could be construed as any such limitation to the judgment, nor what, exactly, was not intended _other than_ agreement to judgment on all counts. Similarly, there was no limitation in the written stipulation (Ex. 5 to Defendants' Response) ("all claims") nor in the judgment (Ex. 6 to Defendants' Response) ("all causes of action asserted in Plaintiffs' First Amended Complaint").

Thus, the record is clear that the Debtors / Defendants stipulated to judgment for fraud, amongst other causes of action, and that damages were fixed at $85,000, plus interest at 10% per annum. The law in the Ninth Circuit is clear. Debtors / Defendants are collaterally estopped from now demanding a trial on the merits. The law mandates entry of summary judgment against them. See Brown v. Felsen, 442 U.S. 127, 138-39, 99 S.Ct. 2205, 2212-13

2

Case 2:11-ap-01080-JMM    Doc 26    Filed 01/24/12    Entered 01/25/12 12:20:29    Desc
Main Document - Motion for Summary Judgment    Page 2 of 3

(1979); Grogan v. Garner, 498 U.S. 279, 284, 111 S.Ct. 654 (1991); Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995); Hawkins v. State, 900 P.2d 1236, 1239-40 (Ariz.App. 1995) (Arizona law regarding necessary elements for collateral estoppel).

Accordingly, a separate judgment will be entered which holds that Arizona Superior Court's judgment of November 9, 2009 against Debtors / Defendants is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2).[1] Any aggrieved party must appeal within 14 days of its entry on the docket. FED. R. BANKR. P. 8002. Plaintiffs are also awarded their costs, provided they file a Bill of Costs within ten days.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Noticing
Center ("BNC") to all parties to this adversary proceeding

---

[1] Plaintiffs also sought attorneys' fees. 11 U.S.C. § 523 does not allow for an award of fees to a prevailing party. The "American Rule" therefore applies. Fees are not allowed.